## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| *REBBECCA N. EVANS,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *No. 1:12-cv-211-DBH* |
| | ) | |
| *CAROLYN W. COLVIN,* | ) | |
| *Acting Commissioner of Social Security,*[1] | ) | |
| | ) | |
| *Defendant* | ) | |

## REPORT AND RECOMMENDED DECISION[2]

This Supplemental Security Income ("SSI") appeal raises the questions of whether the residual functional capacity ("RFC") assigned to the plaintiff by the administrative law judge is supported by substantial evidence and whether the plaintiff had engaged in past relevant work. Because the record supports both findings, I recommend that the commissioner's decision be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from neck pain, back pain, anxiety, panic attacks, and obsessive compulsive disorder, impairments that were severe but which did not, considered separately or in combination, meet or medically equal the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted as the defendant.

[2] This action is properly brought pursuant to 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 15, 2013, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 2-4, Record at 33-35; that she retained the RFC to perform medium work, but could never climb ladders or scaffolds, balance on heights, steep narrow spaces, or erratically moving surfaces, only occasionally balance otherwise, needed to avoid all exposure to hazards, and required only limited contact with the public and coworkers, Finding 5, *id.* at 35; that she was capable of performing her past relevant work as an office cleaner, Finding 5, *id.* at 36; and that, therefore, she had not been under a disability as that term is defined in the Social Security Act at any time from March 19, 2009, the date upon which the claim was filed, through the date of the decision, August 24, 2010, Finding 6, *id.*  The Appeals Council declined to review the decision, *id.* at 1-3, making it the final determination of the commissioner.  20 C.F.R. § 416.1481, *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work.  20 C.F.R. § 416.920(f)l *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work.

20 C.F.R. § 416.920(f); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

## I.  Discussion

### A.  Substantial Evidence

The plaintiff contends that, having found her obsessive compulsive disorder to be a severe impairment, the administrative law judge was required to "identify its impact on the Plaintiff's functioning[,]" and his failure to do so requires remand.  Statement of Specific Errors ("Itemized Statement") (ECF No. 12) at 8.  She also asserts that, because the administrative law judge rejected the opinions of two state-agency psychologists who found that she had no severe mental impairments, he must have impermissibly interpreted raw medical evidence in formulating her RFC.  *Id.*

Specifically, the plaintiff recites a long list of symptoms that she described to her treating health provider which she apparently ascribes to her obsessive compulsive disorder.  *Id.* at 2-5. Some of these symptoms do match the ones described in the excerpt from the current edition of the Diagnostic and Statistical Manual of Mental Disorders ("DSM-IV") quoted in her itemized statement.  *Id.* at 5-6.

However, the administrative law judge wrote that he found "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of those symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment."  Record at 36.  Thus, it cannot reasonably be said that he failed to identify the impact of the plaintiff's mental impairments on her functional abilities.  Rather, he discounted the testimony upon which she now relies.

In addition, the administrative law judge discussed the plaintiff's mental impairments, including obsessive compulsive disorder, at some length. *Id*. at 36-38. With respect to the plaintiff's diagnosed obsessive compulsive disorder, the administrative law judge said the following:

> She received "low end" services in order to maintain her medication regimen and in September 2007, she reported only "mild" panic and "mild" paranoia.
>
> * * *
>
> Mental status examination [during a consultative evaluation by Lisa Tate, M.D.] revealed the claimant's mood was euthymic and her affect was broad and reactive. Her thought processes appeared logical and coherent and there was no indication of delusions, obsessive thoughts or compulsive behaviors.
>
> * * *
>
> [In May 2009 t]he claimant reported that her OCD had worsened and mental status examination revealed that her mood was generally anxious. . . . The diagnosis was OCD and anxiety disorder. The claimant continued to receive very limited treatment throughout 2009 and on February 19, 2010, she reported a decrease in her anxiety[]. . . . She was taking her medication as prescribed and she reported no side effects.
>
> The claimant has not generally received the type of medical treatment one would expect for a totally disable individual. Although the claimant testified that she received counseling at Prestera monthly, the records do not corroborate this. . . . She said that she was OCD. However, other than a phobia towards dirt and germs, no other phobias were noted. She lives alone in an apartment and goes shopping monthly. In July 2008, the claimant reported that she visited her step-mother in the hospital daily. During the examination on May 8, 2009, it was noted that the claimant was [] able to care for dogs, which would be a significant departure from her focus on having a clean atmosphere around her. Although she refused to remove her gloves during the examination, it was noted that she demonstrated no particular fear, reservation or concern about being examined by a physician and touched in the course of the encounter.
>
> * * *
>
> She made infrequent trips to Prestera for "low end services for medications." In fact, she repeatedly stated that she was not interested in other services. The record indicates no psychiatric hospitalizations. . . . She was not interested in therapy and supportive intervention services even at that time. She lived by herself, cared for herself and her home, and had a domestic partner who stayed with her frequently. She was

4

able to get out of the home as needed and had contact with friends. Subsequent records indicated that the claimant failed to keep follow-up appointments until February 2010 at which time she reported a decrease in her anxiety and a calmer mood.

* * *

On May 11, 2009, Ms. Tate opined that the claimant's social functioning, concentration, persistence, and pace were within normal limits. The undersigned agrees with this opinion and affords it considerable weight, as it is reasonably consistent with the evidence of record.

The State agency psychological consultants concluded that the claimant's mental impairments were not severe. The very limited treatment the claimant has received for her depression supports this conclusion. However, as noted previously, the claimant suffers from anxiety, panic attacks, and obsessive-compulsive disorder. As such, the undersigned finds that the claimant requires only limited contact with the public and co-workers.

*Id.* at 36-38 (citations omitted).

This analysis, while it does not address each of the plaintiff's claimed symptoms individually, cannot reasonably be said to have "failed to identify the effects" of the plaintiff's obsessive compulsive disorder on her ability to function. The plaintiff cites no authority in support of her position. This court has previously held that an administrative law judge need not address each of the physical limitations listed by a physician's assistant. *Rudge v. Astrue*, No. 1:11-cv-440-DBH, 2012 WL 5207591, at *4 (D. Me. Sept. 30, 2012). *See also Hanson v. Social Sec. Admin. Comm'r*, No. 1:11-cv-00008-DBH, 2011 WL 6888642, at *2 (D. Me. Dec. 28, 2011) (administrative law judge need not discuss every physical and mental demand of work in decision). I see no reason why the limitations reported by a claimant should be entitled to more attention. In addition, it is at least equally important here that the administrative law judge's decision to discount the plaintiff's credibility has not been challenged by the plaintiff.

The state-agency psychologists who reviewed the plaintiff's records noted the diagnosis of obsessive compulsive disorder, Record at 383, 419, but concluded that she suffered only from

mild functional limitations, *id*. at 388, 419. This included a mild restriction in maintaining social functioning. *Id*. The plaintiff asserts that the restriction in the RFC assigned to her by the administrative law judge to "only limited contact with the public and co-workers," *id*. at 38, "addresses only the plaintiff's anxiety and panic attacks" and that the RFC "contains no restrictions that purport to address" the symptoms about which she testified. Itemized Statement at 7-8.

However, the plaintiff cites no authority in support of these assertions, and the excerpt from the DSM-IV that she quotes belies them. That excerpt, which, according to the plaintiff, "discusses the necessary features of a diagnosis of obsessive compulsive disorder and the impact of those features on the ability to function[,]" *id*. at 6, includes the following statements: "The obsessions or compulsions must cause marked distress, be time consuming (take more than 1 hour per day), or significantly interfere with the individual's normal routine, occupational functioning, or *usual social activities or relationships with others.*" *Id*. at 7 (emphasis added). Thus, a restriction on interaction with others may well address obsessive or compulsive behavior. In addition, this excerpt makes clear that a diagnosis of obsessive compulsive disorder does not necessarily mean that the individual's occupational functioning will be negatively affected. *See, e.g., Hastings v. Astrue,* No. 3:11-cv-01054-SI, 2012 WL 3923708, at *6 (D. Or. Sept. 7, 2012); *Butler v. Astrue*, Civil Action No. 11-cv-01011-REB, 2012 WL 1520154, at *2 (D. Colo. Apr. 30, 2012); *Craig v. Astrue*, No. 5:09cv00028, 2010 WL 1472735, at *4 (W.D. Va. Apr. 12, 2010).

It is also important to note that the plaintiff cites no evidence from a treating professional translating her self-reports into functional limitations.

The plaintiff is not entitled to remand on the basis of her sufficiency-of-the-evidence claim in this regard. Her second argument under this heading, to the effect that the administrative law judge, having rejected the conclusions of the state-agency mental health reviewers that she was not suffering from a severe mental impairment, must have impermissibly interpreted raw medical evidence in order to conclude that her obsessive compulsive disorder was a severe impairment. Itemized Statement at 8.

This court has not been receptive to arguments from Social Security benefit applicants that an error by an administrative law judge that resulted in a conclusion more favorable to them than the evidence would otherwise support entitles them to remand. *See, e.g., Gould v. Astrue*, No. 2:11-cv-265-JAW, 2012 WL 1098471, at *2 (D. Me. Mar. 31, 2012), and cases cited therein. *Gould* also stands for the proposition that an applicant's testimony alone cannot serve to require a finding of greater restrictions than those included in her RFC by an administrative law judge. *Id*. at *3. The plaintiff is not entitled to remand on the basis of this argument.

### B. Past Relevant Work

The plaintiff's second asserted basis for remand is an argument that the administrative law judge's finding that she could return to past relevant work as an office cleaner is erroneous. Itemized Statement at 8-10. She asserts that her work as an office cleaner was not past relevant work as that term is defined in Social Security law. *Id*. at 9.

The governing regulation provides, in relevant part: "Past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 416.960(b)(1). In turn, substantial gainful activity is defined as "work activity that involves doing significant physical or mental activities" and "work activity that you do for pay or profit." 20 C.F.R. § 416.972(a) & (b). The primary

consideration in determining whether particular work constituted substantial gainful activity is the earnings that the claimant derived from that activity.    20 C.F.R. § 416.974(a)(1).   The threshold earning level for this purpose is $780 monthly in 2002, the only year in which the plaintiff worked as an office cleaner.  Record at 170; 20 C.F.R. § 416.974(b)(2); *Blackburn v. Astrue*, No. CIV-12-2-F, 2012 WL 6839485, at *4 (W.D. Okla. Dec. 6, 2012).

The record reflects that the plaintiff earned $3,524.85 in 2002 over a period of four months,[3] for a monthly average of $881.21.  Record at 153, 170, 355.  Accordingly, the job constituted past relevant work as measured by earnings.   At oral argument, the plaintiff's attorney argued for the first time that, even if her earnings met the regulatory standard for past relevant work, the job was not past relevant work because its duration made it an unsuccessful work attempt.  An argument not raised in a plaintiff's itemized statement, as this one was, is deemed waived.  *Bard v. Astrue*. No. 1:12-cv-22-NT, 2012 WL 5258197, at *5 (D. Me. Sept. 28, 2012).

## II.  Conclusion

For the foregoing reason, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may filed objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

---

[3] The plaintiff asserts that this was a period of five months, generating a monthly average of $704.97, which is below the monthly amount necessary to make her work as an office cleaner past relevant work.  Itemized Statement at 9.  The record, including the plaintiff's own statements, Record at 53, 355, 374, does not support more than a four-month period as the duration of this job.

***Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.***

Dated this 28th day of March, 2013.

<u>/s/  John H. Rich III</u>
John H. Rich III
United States Magistrate Judge
